# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VB Assets, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **C.A. No.** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Amazon.com, Inc.; Amazon.com LLC; Amazon Web Services, Inc.; A2Z Development Center, Inc. d/b/a Lab126; Rawles LLC; AMZN Mobile LLC; AMZN Mobile 2 LLC; Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, Inc.;  and Amazon Digital Services LLC, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

VB Assets, LLC ("Plaintiff" or "VoiceBox") hereby alleges as follows for its complaint against Defendants Amazon.com, Inc.; Amazon.com LLC; Amazon Web Services, Inc.; A2Z Development Center, Inc. d/b/a Lab126; Rawles LLC; AMZN Mobile LLC; AMZN Mobile 2 LLC; Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, Inc.; and Amazon Digital Services LLC (collectively, "Defendants" or "Amazon"):

**NATURE OF THE ACTION**

1.     VoiceBox, through its predecessor companies VoiceBox Technologies

Corporation and VoiceBox Technologies, Inc. (collectively "VoiceBox Technologies"), pioneered

voice-based search and commerce technology. It invented what Amazon itself has described as

"Echo-like" products long before Amazon.

2.     In recognition of its many innovations, the U.S. Patent & Trademark Office

awarded and issued the VoiceBox Patents.[1] The innovations in these patents were fundamental to

the development of voice commerce technology.

3.     VoiceBox Technologies' opportunities to promote and build a business based on

these patents were crushed when Amazon introduced the infringing Echo and Alexa Products[2]

and used its enormous size and clout to poach dozens of VoiceBox Technologies' engineers and

scientists.

4.     VoiceBox has brought this case to hold Amazon accountable for its infringement

of VoiceBox's patent rights.

---

[1] "VoiceBox Patents" collectively refers to U.S. Patent Nos. 8,073,681 ("the '681 patent");
9,015,049 ("the '049 patent"); 9,626,703 ("the '703 patent"); 7,818,176 ("the '176 patent");
8,886,536 ("the '536 patent"); and 9,269,097 ("the '097 patent").

[2] "Alexa Products" collectively refers to Amazon's Alexa virtual assistant and offerings that
include Alexa, including the Echo product line (such as Echo 1st Gen., Echo 2nd Gen., Echo Dot
1st Gen., Echo Dot 2nd Gen., Echo Dot 3rd Gen., Echo Dot Kids Edition, Echo Show 1st Gen.,
Echo Show 2nd Gen., Echo Show 5, Echo Spot, Echo Plus 1st Gen., Echo Plus 2nd Gen., Echo
Auto, and Echo Look), Amazon's Alexa apps, Music apps, and Shopping apps on a smartphone
or other mobile device, Amazon's Alexa cloud, Alexa Voice Services, and Amazon.com
website, and any other device, app, or instrumentality that includes, provides access to, or works
with Alexa (such as Amazon Tap, Amazon Dash Wand, Echo Wall Clock, AmazonBasics
Microwave, Amazon SmartPlug, Amazon Fire TV Sticks, Amazon Fire TVs, Amazon Fire TV
Cubes, and Amazon Fire and Fire HD tablets) as well as software, hardware, and cloud
infrastructure associated with any of the foregoing.

## THE PARTIES

5.      VB Assets, LLC, VoiceBox, is a limited liability company organized under the laws of Delaware and has its principal place of business at 1229A 120th Ave. NE, Bellevue, WA 98005.

6.      On information and belief, Amazon.com, Inc. is a corporation incorporated in Delaware and has a principal place of business at 410 Terry Avenue North, Seattle, WA, 98109. On information and belief, Amazon.com, Inc. is the ultimate parent company of the other companies that make up Amazon, and is responsible for making, using, selling, offering for sale and/or importing Alexa Products.

7.      On information and belief, Amazon.com LLC is a limited liability company organized under the laws of Delaware and has a principal place of business at 410 Terry Avenue North, Seattle, WA, 98109. On information and belief, Amazon.com LLC includes as members various operating companies, which make, use, sell, offer for sale, and/or import Alexa Products.

8.      On information and belief, Amazon Web Services, Inc. is a corporation incorporated in Delaware and has a principal place of business at 410 Terry Avenue North, Seattle, WA, 98109. On information and belief, Amazon Web Services, Inc. provides Alexa cloud computing platforms, that are Alexa Products or are for use with one or more Alexa Products.

9.      On information and belief, A2Z Development Center, Inc. d/b/a Lab126 is a corporation incorporated in Delaware and has its principal place of business at 1120 Enterprise Way Sunnyvale, CA 94089. On information and belief, A2Z Development Center, Inc. d/b/a Lab126 performed research and development, including for one or more Alexa Products.

10.     On information and belief, Rawles LLC is a limited liability company formed under the laws of Delaware and has its principal place of business at 103 Foulk Road, Suite 100,

Wilmington, DE 19803. On information and belief, Rawles LLC performed research and development, including for one or more Alexa Products.

11.     On information and belief, AMZN Mobile LLC is a limited liability company organized under the laws of Delaware and has a principal place of business near Seattle, WA. On information and belief, AMZN Mobile LLC provides mobile apps that are Alexa Products or are for use with Alexa Products.

12.     On information and belief, AMZN Mobile 2 LLC is a limited liability company organized under the laws of Delaware and has a principal place of business near Seattle, WA. On information and belief, AMZN Mobile 2 LLC provides mobile apps that are Alexa Products or are for use with Alexa Products.

13.     On information and belief, Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, Inc. is a corporation incorporated in Delaware and has a principal place of business at 410 Terry Ave. N. Seattle, WA 98109. On information and belief, Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, Inc. participated in the sale or offer for sale of one or more Alexa Products.

14.     On information and belief, Amazon Digital Services LLC is a limited liability company organized under the laws of Delaware and has a principal place of business at 410 Terry Ave. N, Seattle, WA 98109. On information and belief, Amazon Digital Services LLC has participated in the sale or offer for sale of one or more Alexa Products and/or has provided digital services and content for use by Alexa Products.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

16.     Personal jurisdiction over each Defendant is proper in this District based on one or more of the following: its presence in this judicial district; it has availed itself of the rights and benefits of the laws of Delaware; or it has derived substantial revenue from sales of Alexa Products in Delaware and it has systematic and continuous business contacts with Delaware. Each Defendant was incorporated in Delaware and/or formed under the laws of Delaware and Amazon designs Alexa Products, which are advertised, offered for sale, sold, and used in Delaware.

17.     Venue is proper in this district under 28 U.S.C. § 1400(b) and 28 U.S.C. §§ 1391(b)(1), (b)(2). For purposes of § 1400(b), each Defendant was incorporated in Delaware and/or formed under the laws of Delaware and therefore resides within this District. For purposes of § 1391(b)(1), (b)(2), Amazon resides in the District of Delaware by virtue of being incorporated in Delaware and/or formed under the laws of Delaware.

## FACTUAL BACKGROUND

### A.     VoiceBox Technologies Invents Groundbreaking Voice Technology

18.     In 2001, three brothers, Mike, Rich, and Bob Kennewick founded VoiceBox Technologies to bring natural language understanding ("NLU") to a wide array of computer applications. They recognized that the typical computer speech-recognition systems forced human operators to adhere to a limited number of rigid speech prompts. These rigid prompts limited how systems were used and inhibited the widespread adoption of speech-recognition systems. The brothers believed that VoiceBox Technologies could become the first company to enable people to naturally and effectively interact with computer speech systems.

19.     From its inception, VoiceBox Technologies engaged in intense research efforts to develop its NLU technology. As part of these efforts, VoiceBox Technologies achieved a

significant milestone when it developed an early prototype called "Cybermind." As demonstrated on the King5 news, Cybermind was a voice-controlled speaker that could provide weather, recipes, sports scores, calendar updates, or play a song.[3]



**Figure 1: Cybermind Prototype**

20.     VoiceBox Technologies' groundbreaking work did not go unrecognized. After learning about VoiceBox Technologies' technology, Toyota hired it to build a sophisticated NLU speech interface for its Lexus automobiles. VoiceBox Technologies built the voice and NLU capability for Toyota's award-winning Entune multimedia system.

21.     As part of the development effort of an NLU interface for Lexus, VoiceBox Technologies demonstrated a personal assistant called "Alexus" that showcased the power of its Conversational Voice technology. On information and belief, the VoiceBox Technologies "Alexus" concept was introduced to the public more than six months before Amazon announced "Alexa."

---

[3] https://www.youtube.com/watch?v=DDcRyPnvWhw



**Figure 2: "Alexus" Demonstration**

22.    Throughout its research and development efforts, VoiceBox Technologies realized that its technology could be deployed in a wide range of applications from connected home to mobile personal assistants.





**Figure 3: Connected Home**          **Figure 4: Mobile**

23.    By January 2012, VoiceBox Technologies was a leader in NLU and conversational voice technology. Leading companies throughout the world, including Toyota, Lexus, TomTom, Pioneer, Chrysler, Dodge, and Magellan used VoiceBox Technologies' award-winning and patented contextual speech technology. VoiceBox Technologies had software

applications that ran on smart speakers, in-car systems, smartphones, smart TVs, computers, tablets, e-readers, and personal navigation devices.

24.     In 2013, the Institute of Electrical and Electronics Engineers ("IEEE") ranked VoiceBox Technologies number 13 in patent power for the computer software industry. VoiceBox Technologies had become the leader in conversational Artificial Intelligence ("AI"), including Voice Recognition (VR), NLU, and AI services.

**B.      Amazon Takes VoiceBox's Technology**

25.     In 2011, VoiceBox Technologies contacted Amazon to explore a potential business relationship where VoiceBox Technologies would provide core NLU services to Amazon. Amazon's corporate development department expressed interest and asked for "company and/or product overview slides" to facilitate an October 7, 2011 teleconference. In response, VoiceBox Technologies provided Amazon with a presentation that described its award-winning patented technology and explicitly referred to VoiceBox Technologies' "patented Contextual Speech Technology." Slides from that presentation are reproduced below:



**Figure 5: 2011 Slides**

26.     Amazon was so impressed by the technology VoiceBox Technologies presented on October 7, 2011 that its representative emailed VoiceBox Technologies the next business day

to invite VoiceBox to visit Amazon's offices on October 19, 2011. That meeting was with Douglas Booms, Amazon's Vice President of Worldwide Corporate Development, as well as engineers and product/business development members of Amazon's devices and digital teams. The email from Amazon stated that this was "the right audience to discuss [VoiceBox Technologies'] personal digital assistant and underlying conversational voice technology." On information and belief, in addition to Mr. Booms, the following Amazon personnel attended the meeting: Nick Komorous (Director, Corporate Development), Ian Freed (VP, Amazon Devices), Greg Hart (VP, Digital), Al Lindsay (Director, Software Engineer), Frederic Deramat (Senior Principal Engineer), and John Thimsen (Software Developer). On information and belief, another Amazon engineer from Cupertino attended by teleconference.

27.     Two days after the meeting at Amazon, on Friday October 21, 2011, Amazon's Mr. Komorous emailed VoiceBox Technologies and asked to visit the company's office for a "deeper dive." Mr. Komorous requested that this meeting occur the very next week. VoiceBox Technologies agreed to host Amazon's personnel for a meeting at VoiceBox Technologies' office on October 26, 2011. On information and belief, from Amazon, Marcello Typrin (Product Management / Business Development), Frederic Deramat (Senior Principal Engineer), John Thimsen (Software Developer), and Sean Fitz (Software Developer) joined Mr. Komorous at the meeting.

28.     In advance of the meeting, Mr. Komorous sent a detailed set of technical questions that would help Amazon's "tech team understand the scope and [r]ange of things [Amazon] can try to tackle with VoiceBox[] as a partner." Mr. Komorous also indicated that Amazon's culture was "engineering heavy" and asked that VoiceBox Technologies "have engineering and speech representation at the meeting."

29.     The October 26, 2011 meeting at VoiceBox Technologies' office ran from 10 am until 12 noon with some Amazon engineers staying even later until around 2:30 pm. The meeting included a tour with additional demos, a review of the technical architecture for VoiceBox Technologies' server software, and plans for next generation products.

30.     During the meeting, VoiceBox Technologies presented a deck of 42 slides to the visiting Amazon personnel. The slides provided even more detail about VoiceBox Technologies' patented technology and informed Amazon that VoiceBox Technologies had 12 patents at the time with an additional 14 pending applications. The slide deck included the following slide regarding the '176 patent, which is asserted in this lawsuit.



**Figure 6: Slide from 2011 Presentation**

31.     The slide deck VoiceBox Technologies presented to Amazon at the October 26, 2011 meeting also proposed a business arrangement where VoiceBox Technologies would provide "Voice Services" to Amazon. The VoiceBox Technologies Voice Services from the presentation are shown below:



**Figure 7: Slide from 2011 Presentation**

32.     On information and belief, some of the Amazon personnel involved in the 2011 meetings became technical leaders for Amazon's Alexa Products while others became high-level executives with close working relationships with the senior leadership of Amazon. On information and belief, one of Mr. Freed's past positions was Technical Advisor to CEO, a position that has been described as CEO Jeff Bezos's "shadow" advisor. On information and

belief, Mr. Freed then went on to become Vice President, Amazon Devices where he led a team of engineers working on Amazon's Alexa Products. On information and belief, Mr. Hart has also been Mr. Bezos's "shadow" advisor—he held the Technical Advisor to CEO position around 2011. On information and belief, around 2011, Al Lindsey was promoted to Vice President managing the Alexa Engine Software team. On information and belief, around 2011, Mr. Deramat was promoted to the position Vice President & Distinguished Engineer for Amazon Alexa. On information and belief, around 2011, Mr. Thimsen was promoted to the position Director of Engineering for Amazon Echo. As for Mr. Typrin, he states on his LinkedIn page that he is "[o]ne of the founding members of the team that shaped the vision and direction for Amazon's Echo and Alexa Voice Services."

33.     A couple days after the last meeting in 2011, VoiceBox Technologies sent an email to Amazon asking for Amazon's feedback. Mr. Komorous from Amazon replied that Amazon was "still discussing internally how contextual speech / cybermind 2012 could play a part in [Amazon's] future." Amazon did not provide the results of these discussions and did not pursue a business relationship with VoiceBox Technologies. Instead, on information and belief, Amazon decided to build its Alexa Products—without telling VoiceBox Technologies or asking permission to use VoiceBox Technologies' patented technology.

34.     In 2014, Amazon announced the launch of Alexa, a virtual assistant, along with the first-generation Echo product, a smart speaker. Amazon's Alexa and first-generation Echo product were strikingly similar to the patented technology that VoiceBox Technologies showed Amazon in 2011.

35.     In 2016, Amazon abruptly hired Philippe Di Cristo, who was VoiceBox Technologies' Chief Scientist. While at VoiceBox Technologies, Mr. Di Cristo gained knowledge

of the company's voice technology and had full access to VoiceBox Technologies' intellectual property. As Mr. Di Cristo explains on his LinkedIn Page, he had worked on an "Amazon Echo-like system" while at VoiceBox Technologies. Exhibit A at 3. On information and belief, Mr. Di Cristo has helped design and implement VoiceBox Technologies' patented technology into Amazon's Echo and other Alexa Products.

36.     On information and belief, Mr. Di Cristo played an active role in soliciting additional VoiceBox employees to join Amazon. For example, shortly after Mr. Di Cristo joined Amazon from VoiceBox Technologies, Amazon ramped-up its efforts to recruit VoiceBox Technologies employees.

37.     On January 10, 2017, Amazon hosted an "Evening with the Leadership of Amazon Voice & Advanced Shopping," which Amazon expressly described as an "invite only networking event for Voice Box employees . . . to talk . . . about opportunities at Amazon." The director of Amazon's Voice & Advanced NUI Shopping group— on information and belief, the group Mr. Di Cristo joined—sent an invite for the event to a large number of VoiceBox Technologies employees and indicated that Amazon was "building a world-class speech & NLU engineering team" and "[y]our profile looks quite relevant and we'd love to talk to you and see if there's a fit." For this event, Amazon rented out Seastar, the premier seafood restaurant near VoiceBox Technologies' office.

38.     On information and belief, Mr. Di Cristo was originally scheduled to be a speaker at the event targeting VoiceBox Technologies employees—but abruptly withdrew. The event emphasized Amazon's need for VoiceBox Technologies' NLU technology. On information and belief, around this time, Amazon faced numerous NLU challenges and had only completed a

small portion of work toward Amazon's goal to build conversational dialog interaction into Alexa Products.

39.     On January 17, 2017, after Amazon's rampant poaching of VoiceBox Technologies employees came to light, Mike Kennewick, CEO of VoiceBox Technologies, sent a letter to Jeff Bezos, CEO of Amazon, to propose a business solution. A true and correct copy of that letter is attached as Exhibit B. The letter explains that, at the time, VoiceBox Technologies had "a deep portfolio of technology and IP, including a large number of significant patents not only in NLU but also in Voice[]Commerce, running on over 200 million devices."

40.     On information and belief, Mr. Booms, Amazon's Vice President of Worldwide Corporate Development, responded to VoiceBox Technologies' January 17, 2017 letter on behalf of Mr. Bezos. In Amazon's response, Mr. Booms requested a meeting at VoiceBox Technologies' offices for purposes of "go[ing] fairly deep on the technology, data, customer relationships."

41.     On February 2, 2017, the parties met at VoiceBox Technologies' office. Amazon came with a team of technologists from its Alexa program, including on information and belief, Manoj Sindhwani (Director Alexa), Karthik Ramakrishnan (Senior Manager, Alexa software), Nikko Strom (Scientist, Alexa), and Deepesh Mohnani (Alexa Voice Services Product Management) joined by Mr. Booms. VoiceBox Technologies provided a detailed technical presentation, which included information about patents and pending applications then owned by VoiceBox Technologies. Slides in the presentation listed all VoiceBox Technologies patents and published applications at the time, including the '681 patent, the '049 patent, the '176 patent, the '536 patent, and the '097 patent. The February 2, 2017 slides also reproduced a highlighted claim from the '681 patent and a highlighted claim from the '176 patent.

42.     Following the meeting, Mr. Booms emailed VoiceBox Technologies to request even more technical details. Then, on February 20, 2017, Amazon specifically asked VoiceBox Technologies for a list of all patents owned by the company.

43.     In March of 2017, VoiceBox Technologies hosted another meeting with Amazon personnel at VoiceBox Technologies' office. The Amazon attendees included senior executives and managers responsible for Alexa. VoiceBox Technologies informed Amazon by email after the meeting that VoiceBox Technologies had "[p]atents that could be useful as the market goes mainstream." Shortly, thereafter, Mr. Komorous from Amazon emailed VoiceBox Technologies, writing that Amazon had been "[poring] through the material" VoiceBox Technologies provided and that Amazon had created yet another, even more detailed, list of requests.

44.     In April of 2017, VoiceBox Technologies shared a written summary of VoiceBox Technologies' patent portfolio with Amazon. The written summary explained that VoiceBox Technologies' patents covered "core & fundamental areas." The summary showcased the '176 patent and the '703 patent, and identified the '536 patent and '097 patent by number. The summary further explained that "[v]oice advertising & conversational e-commerce are essential to the core strategies and future revenue streams of many of the world's leading technology companies, including: . . . Amazon . . . ."

**OVERVIEW OF VOICEBOX'S PATENTS-IN-SUIT**

45.     United States Patent Number 8,073,681 ("the '681 patent"), entitled "System and Method for a Cooperative Conversational Voice User Interface," was duly and legally issued on December 6, 2011, and names Larry Baldwin, Tom Freeman, Michael Tjalve, Blane Ebersold, and Chris Weider as the inventors. Attached as Exhibit C is a true and correct copy of the '681 patent.

46.     The '681 patent claims, among other things, a system for providing a cooperative conversational voice user interface, comprising: a voice input device configured to receive an utterance during a current conversation with a user; and a conversational speech engine, wherein the conversational speech engine includes one or more processors configured to: accumulate short-term shared knowledge about the current conversation, wherein the short-term shared knowledge includes knowledge about the utterance received during the current conversation; accumulate long-term shared knowledge about the user, wherein the long-term shared knowledge includes knowledge about one or more past conversations with the user; identify a context associated with the utterance from the short-term shared knowledge and the long-term shared knowledge; infer additional information about the utterance from the short-term shared knowledge and the long-term shared knowledge in response to determining that the utterance contains insufficient information to complete a request in the identified context; establish an intended meaning for the utterance within the identified identify a context based on the additional information inferred about the utterance; and generate a response to the utterance based on the intended meaning established within the identified context.

47.     VoiceBox is the assignee of the entire right, title, and interest in the '681 patent.

48.     United States Patent Number 9,015,049 ("the '049 patent"), entitled "System and Method for a Cooperative Conversational Voice User Interface," was duly and legally issued on April 21, 2015, and names Larry Baldwin, Tom Freeman, Michael Tjalve, Blane Ebersold, and Chris Weider as the inventors. Attached as Exhibit E is a true and correct copy of the '049 patent.

49.     The '049 patent claims, among other things, a system for facilitating conversation-based responses, the system comprising: one or more physical processors programmed with one or more computer program instructions such that, when executed, the one

or more computer program instructions cause the one or more physical processors to: receive a natural language utterance during a conversation between a user and the system; identify a first model that includes short-term knowledge about the conversation, wherein the short-term knowledge is based on one or more prior natural language utterances received during the conversation; identify, based on the short-term knowledge, context information for the natural language utterance; determine, based on the context information, an interpretation of the natural language utterance; and generate, based on the interpretation of the natural language utterance, a response to the natural language utterance.

50.     VoiceBox is the assignee of the entire right, title, and interest in the '049 patent.

51.     United States Patent Number 9,626,703 ("the '703 patent"), entitled "Voice Commerce," was duly and legally issued on April 18, 2017, and names Michael R. Kennewick, Sr. as the inventor. Attached as Exhibit G is a true and correct copy of the '703 patent.

52.     The '703 patent claims, among other things, a system for providing voice commerce, the system comprising: one or more physical processors programmed with computer program instructions which, when executed, cause the one or more physical processors to: receive a user input comprising a natural language utterance; provide, without further user input after the receipt of the user input, the natural language utterance as an input to a speech recognition engine; obtain, without further user input after the receipt of the user input, one or more words or phrases recognized from the natural language utterance as an output of the speech recognition engine; identify, without further user input after the receipt of the user input, a context based at least on the one or more words or phrases; determine, without further user input identifying a product or service after the receipt of the user input, a first product or service to be purchased on behalf of a user based at least on the determined context; obtain, without further

user input identifying payment information after the receipt of the user input, first payment information with which to pay for the product or service; obtain, without further user input identifying shipping information after the receipt of the user input, first shipping information with which to deliver the product or service, wherein the first shipping information specifies a name or address of a recipient to which the product or service is to be delivered after the product or service is purchased; and complete, without further user input identifying a product or service, payment information, or shipping information after the receipt of the user input, a purchase transaction for the first product or service based on the first payment information and the first shipping information.

53.     VoiceBox is the assignee of the entire right, title, and interest in the '703 patent.

54.     United States Patent Number 7,818,176 ("the '176 patent"), entitled "System and Method for Selecting and Presenting Advertisements Based on Natural Language Processing of Voice-based Input," was duly and legally issued on October 19, 2010, and names Tom Freeman and Mike Kennewick as the inventors. Attached as Exhibit I is a true and correct copy of the '176 patent.

55.     The '176 patent claims, among other things, a system for selecting and presenting advertisements in response to processing natural language utterances, comprising: an input device that receives a natural language utterance containing at least one request at an input device; a speech recognition engine coupled to the input device, wherein the speech recognition engine recognizes one or more words or phrases in the natural language utterance, wherein to recognize the words or phrases in the natural language utterance, the speech recognition engine is configured to: map a stream of phonemes contained in the natural language utterance to one or more syllables that are phonemically represented in an acoustic grammar; and generate a

preliminary interpretation for the natural language utterance from the one or more syllables, wherein the preliminary interpretation generated from the one or more syllables includes the recognized words or phrases; a conversational language processor coupled to the speech recognition engine, wherein the conversational language processor is configured to: interpret the recognized words or phrases, wherein interpreting the recognized words or phrases includes establishing a context for the natural language utterance; select an advertisement in the context established for the natural language utterance; and present the selected advertisement via an output device.

56.     VoiceBox is the assignee of the entire right, title, and interest in the '176 patent.

57.     United States Patent Number 8,886,536 ("the '536 patent"), entitled "System and Method for Delivering Targeted Advertisements and Tracking Advertisement Interactions in Voice Recognition Contexts," was duly and legally issued on November 11, 2014, and names Tom Freeman and Mike Kenn[e]wick as the inventors. Attached as Exhibit K is a true and correct copy of the '536 patent.

58.     The '536 patent claims, among other things, a computer-implemented method of providing promotional content related to one or more natural language utterances and/or responses, the method being implemented by a computer system that includes one or more physical processors executing one or more computer program instructions which, when executed, perform the method, the method comprising: receiving, at the one or more physical processors, a first natural language utterance; providing, by the one or more physical processors, a response to the first natural language utterance; receiving, at the one or more physical processors, a second natural language utterance relating to the first natural language utterance; identifying, by the one or more physical processors, requests associated with the second natural

language utterance, wherein the requests include a first request to be processed by a first device associated with a user and a second request to be processed by a second device associated with the user; determining, by the one or more physical processors, promotional content that relates to one or more of the first request or the second request; and presenting, by the one or more physical processors, the promotional content to the user.

59.     VoiceBox is the assignee of the entire right, title, and interest in the '536 patent.

60.     United States Patent Number 9,269,097 ("the '097 patent"), entitled "System and Method for Delivering Targeted Advertisements and/or Providing Natural Language Processing Based on Advertisements," was duly and legally issued on February 23, 2016, and names Tom Freeman and Mike Kennewick as the inventors. Attached as Exhibit M is a true and correct copy of the '097 patent.

61.     The '097 patent claims, among other things, a method for providing natural language processing based on advertisements, the method being implemented on a computer system having one or more physical processors executing computer program instructions which, when executed, perform the method, the method comprising: providing, by the computer system, an advertisement associated with a product or service for presentation to a user; receiving, at the computer system, a natural language utterance of the user; and interpreting, by the computer system, the natural language utterance based on the advertisement and, responsive to the existence of a pronoun in the natural language utterance, determining whether the pronoun refers to one or more of the product or service or a provider of the product or service.

62.     VoiceBox is the assignee of the entire right, title, and interest in the '097 patent.

## COUNT ONE (INFRINGEMENT OF '681 PATENT)

63.     VoiceBox incorporates and realleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

64.     Amazon has and continues to infringe the '681 patent by making, using, selling, offering for sale, and/or importing into the United States, Alexa Products, which embody or use the inventions of the '681 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an exemplary chart mapping a claim to Alexa Products can be found in Exhibit D.

65.     Amazon has been and is inducing infringement of the '681 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Alexa Products that include Alexa and embody or use the inventions claimed in the '681 patent in violation of 35 U.S.C. § 271(b). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '681 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '681 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '681 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, the '681 patent or its published

application was cited during prosecution of one or more patents assigned to a subsidiary of

Amazon, including U.S. Patent Nos. 9,424,840; 9,852,729; 9,922,639; 10,026,394; and

10,102,845. On information and belief, Amazon has known of, or been willfully blind to, the

existence of the '681 patent since no later than March 4, 2015, the date on which the '681 patent

or its published application was first cited during prosecution of one or more patents assigned to

a subsidiary of Amazon. On information and belief, no later than that date, Amazon has known

its actions would induce infringement by users of Alexa Products.

66.     Amazon has been and is continuing to contributorily infringe the '681 patent by

selling or offering to sell Alexa Products, knowing them to be especially made or especially

adapted for practicing the invention of the '681 patent and not a staple article or commodity of

commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). On

information and belief, Amazon writes software for Alexa Products and designs Alexa Products

to operate in an infringing manner. Amazon causes Alexa Products to be made available through

its own website. On information and belief, Amazon also profits from third-parties who sell

Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and

provides technical support for such use, including on its website and also through the Alexa

virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '681

patent since no later than it received a copy of this complaint. No later than that date, Amazon

has known its Alexa Products are especially made or adapted for a use or product that is both

patented and infringing and that there is no substantial non-infringing use. Additionally,

VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017

meeting at VoiceBox Technologies' office of the '681 patent. On information and belief,

Amazon has known of, or been willfully blind to, the existence of the '681 patent since no later

than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, the '681 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent Nos. 9,424,840; 9,852,729; 9,922,639; 10,026,394; and 10,102,845. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '681 patent since no later than March 4, 2015, the date on which the '681 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

67. On information and belief, Amazon has known of the existence of the '681 patent, and its acts of infringement have been willful and in disregard for the '681 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Amazon has known of, or been willfully blind to, the existence of the '681 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products infringe the '681 patent. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '681 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '681 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '681 patent. Additionally, the '681 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent Nos. 9,424,840; 9,852,729; 9,922,639;

10,026,394; and 10,102,845. On information and belief, Amazon has known of, or been willfully

blind to, the existence of the '681 patent since no later than March 4, 2015, the date on which the

'681 patent or its published application was first cited during prosecution of one or more patents

assigned to a subsidiary of Amazon. On information and belief, no later than that date, Amazon

has known its Alexa Products infringe the '681 patent.

68.      Amazon's infringement has been, and continues to be knowing, intentional, and

willful.

69.      Amazon's acts of infringement of the '681 patent have caused and will continue

to cause VoiceBox damages for which VoiceBox is entitled to compensation pursuant to 35

U.S.C. § 284.

70.      This case is exceptional and, therefore, VoiceBox is entitled to an award of

attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT TWO (INFRINGEMENT OF THE '049 PATENT)

71.      VoiceBox incorporates and realleges each and every allegation contained in the

foregoing paragraphs of this complaint, as though fully set forth herein.

72.      Amazon has and continues to infringe the '049 patent by making, using, selling,

offering for sale, and/or importing into the United States, Alexa Products, which embody or use

the inventions of the '049 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an

exemplary chart mapping a claim to Alexa Products can be found in Exhibit F.

73.      Amazon has been and is inducing infringement of the '049 patent by actively and

knowingly inducing others to make, use, sell, offer for sale, or import Alexa Products that

include Alexa and embody or use the inventions claimed in the '049 patent in violation of 35

U.S.C. § 271(b). On information and belief, Amazon writes software for Alexa Products and

designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '049 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, the '681 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent Nos. 9,424,840; 9,852,729; 9,922,639; 10,026,394; and 10,102,845. The '681 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on March 4, 2015. By March 4, 2015, the '049 patent's application had published claiming priority to the '681 patent. On April 21, 2015, the '049 patent issued claiming priority to the '681 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than April 21, 2015. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products.

74.     Amazon has been and is continuing to contributorily infringe the '049 patent by selling or offering to sell Alexa Products, knowing them to be especially made or especially

adapted for practicing the invention of the '049 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '049 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, the '681 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent Nos. 9,424,840; 9,852,729; 9,922,639; 10,026,394; and 10,102,845. The '681 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on March 4, 2015. By March 4, 2015, the '049 patent's application had published claiming priority to the '681 patent. On April 21, 2015, the '049 patent issued claiming priority to the '681 patent. On information and belief,

Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than April 21, 2015. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

75.     On information and belief, Amazon has known of the existence of the '049 patent, and its acts of infringement have been willful and in disregard for the '049 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products infringe the '049 patent. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '049 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '049 patent. Additionally, the '681 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent Nos. 9,424,840; 9,852,729; 9,922,639; 10,026,394; and 10,102,845. The '681 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on March 4, 2015. By March 4, 2015, the '049 patent's application had published claiming priority to the '681 patent. On April 21, 2015, the '049 patent issued claiming priority to the '681 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '049 patent since no later than April 21, 2015. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '049 patent.

76.     Amazon's infringement has been, and continues to be knowing, intentional, and willful.

77.     Amazon's acts of infringement of the '049 patent have caused and will continue to cause VoiceBox damages for which VoiceBox is entitled to compensation pursuant to 35 U.S.C. § 284.

78.     This case is exceptional and, therefore, VoiceBox is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

### COUNT THREE (INFRINGEMENT OF THE '703 PATENT)

79.     VoiceBox incorporates and realleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

80.     Amazon has and continues to infringe the '703 patent by making, using, selling, offering for sale, and/or importing into the United States, Alexa Products, which embody or use the inventions of the '703 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an exemplary chart mapping a claim to Alexa Products can be found in Exhibit H.

81.     Amazon has been and is inducing infringement of the '703 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Alexa Products that include Alexa and embody or use the inventions claimed in the '703 patent, in violation of 35 U.S.C. § 271(b). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the

existence of the '703 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, in April of 2017, VoiceBox Technologies sent a written summary of VoiceBox Technologies' patent portfolio to Amazon that informed Amazon of the '703 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '703 patent since no later than April of 2017. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products.

82.     Amazon has been and is continuing to contributorily infringe the '703 patent by selling or offering to sell Alexa Products, knowing them to be especially made or especially adapted for practicing the invention of the '703 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '703 patent since no later than it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, in April of 2017, VoiceBox Technologies sent a written summary of VoiceBox Technologies' patent portfolio to Amazon that informed Amazon of the '703 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '703 patent since no later

than April of 2017. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

83.     On information and belief, Amazon has known of the existence of the '703 patent, and its acts of infringement have been willful and in disregard for the '703 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Amazon has known of, or been willfully blind to, the existence of the '703 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products infringe the '703 patent. Additionally, in April of 2017, VoiceBox Technologies sent a written summary of VoiceBox Technologies' patent portfolio to Amazon that informed Amazon of the '703 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '703 patent since no later than April of 2017. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '703 patent.

84.     Amazon's infringement has been, and continues to be knowing, intentional, and willful.

85.     Amazon's acts of infringement of the '703 patent have caused and will continue to cause VoiceBox damages for which VoiceBox is entitled to compensation pursuant to 35 U.S.C. § 284.

86.     This case is exceptional and, therefore, VoiceBox is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT FOUR (INFRINGEMENT OF THE '176 PATENT)

87.     VoiceBox incorporates and realleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

88.    Amazon has and continues to infringe the '176 patent by making, using, selling, offering for sale, and/or importing into the United States, Alexa Products, which embody or use the inventions of the '176 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an exemplary chart mapping a claim to Alexa Products can be found in Exhibit J.

89.    Amazon has been and is inducing infringement of the '176 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Alexa Products that include Alexa and embody or use the inventions claimed in the '176 patent, in violation of 35 U.S.C. § 271(b). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, VoiceBox notified the Amazon employees that attended the October 26, 2011 meeting at VoiceBox Technologies' office of the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since October 26, 2011. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later

than August 10, 2018, the date on which the '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. By that date, U.S. Pat. No. 8,145,489 had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than January 12, 2015. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products.

90.     Amazon has been and is continuing to contributorily infringe the '176 patent by selling or offering to sell Alexa Products, knowing them to be especially made or especially adapted for practicing the invention of the '176 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than it received a copy of this complaint. No later than that date, Amazon

has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, VoiceBox notified the Amazon employees that attended the October 26, 2011 meeting at VoiceBox Technologies' office of the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since October 26, 2011. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than August 10, 2018, the date on which the '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. By that date, U.S. Pat. No. 8,145,489 had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than January 12, 2015. On information and belief, no later than that date, Amazon

has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

91.     On information and belief, Amazon has known of the existence of the '176 patent, and its acts of infringement have been willful and in disregard for the '176 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products infringe the '176 patent. Additionally, VoiceBox notified the Amazon employees that attended the October 26, 2011 meeting at VoiceBox Technologies' office of the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than October 26, 2011. No later than that date, Amazon has known its Alexa Products infringe the '176 patent. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '176 patent since no later than August 10, 2018, the date on which the '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '176 patent. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. By that date, U.S. Pat. No. 8,145,489 had issued claiming priority to the '176 patent. On information and belief, Amazon has known

of, or been willfully blind to, the existence of the '176 patent since no later than January 12, 2015. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '176 patent.

92.     Amazon's infringement has been, and continues to be knowing, intentional, and willful.

93.     Amazon's acts of infringement of the '176 patent have caused and will continue to cause VoiceBox damages for which VoiceBox is entitled to compensation pursuant to 35 U.S.C. § 284.

94.     This case is exceptional and, therefore, VoiceBox is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT FIVE (INFRINGEMENT OF THE '536 PATENT)

95.     VoiceBox incorporates and realleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

96.     Amazon has and continues to infringe the '536 patent by making, using, selling, offering for sale, and/or importing into the United States, Alexa Products, which embody or use the inventions of the '536 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an exemplary chart mapping a claim to Alexa Products can be found in Exhibit L.

97.     Amazon has been and is inducing infringement of the '536 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Alexa Products that include Alexa and embody or use the inventions claimed in the '536 patent, in violation of 35 U.S.C. § 271(b). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from

third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '536 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. The '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on August 10, 2018. As of that date, the '536 patent had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than August 10, 2018. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. By that date, the '536 patent had issued claiming priority to U.S. Pat. No. 8,145,489. On information and belief, Amazon has known of, or been willfully blind to,

the existence of the '536 patent since no later than January 12, 2015. On information and belief,
no later than that date, Amazon has known its actions would induce infringement by users of
Alexa Products.

98.     Amazon has been and is continuing to contributorily infringe the '536 patent by
selling or offering to sell Alexa Products, knowing them to be especially made or especially
adapted for practicing the invention of the '536 patent and not a staple article or commodity of
commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). On
information and belief, Amazon writes software for Alexa Products and designs Alexa Products
to operate in an infringing manner. Amazon causes Alexa Products to be made available through
its own website. On information and belief, Amazon also profits from third-parties who sell
Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and
provides technical support for such use, including on its website and also through the Alexa
virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '536
patent since no later than it received a copy of this complaint. No later than that date, Amazon
has known its Alexa Products are especially made or adapted for a use or product that is both
patented and infringing and that there is no substantial non-infringing use. Additionally,
VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017
meeting at VoiceBox Technologies' office of the '536 patent. On information and belief,
Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later
than February 2, 2017. On information and belief, no later than that date, Amazon has known its
Alexa Products are especially made or adapted for a use or product that is both patented and
infringing and that there is no substantial non-infringing use. Additionally, the '176 patent or its
published application was cited during prosecution of one or more patents assigned to a

subsidiary of Amazon, including U.S. Patent No. 10,152,973. The '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on August 10, 2018. As of that date, the '536 patent had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than August 10, 2018. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. By that date, the '536 patent had issued claiming priority to U.S. Pat. No. 8,145,489. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than January 12, 2015. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

99.     On information and belief, Amazon has known of the existence of the '536 patent, and its acts of infringement have been willful and in disregard for the '536 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products infringe the '536 patent. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the

'536 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '536 patent. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. The '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on August 10, 2018. As of that date, the '536 patent had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than August 10, 2018. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '536 patent. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. By that date, the '536 patent had issued claiming priority to U.S. Pat. No. 8,145,489. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '536 patent since no later than January 12, 2015. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '536 patent.

100.    Amazon's infringement has been, and continues to be knowing, intentional, and willful.

101.    Amazon's acts of infringement of the '536 patent have caused and will continue to cause VoiceBox damages for which VoiceBox is entitled to compensation pursuant to 35 U.S.C. § 284.

102.    This case is exceptional and, therefore, VoiceBox is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT SIX (INFRINGEMENT OF THE '097 PATENT)

103.    VoiceBox incorporates and realleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

104.    Amazon has and continues to infringe the '097 patent by making, using, selling, offering for sale, and/or importing into the United States, Alexa Products, which embody or use the inventions of the '097 patent in violation of 35 U.S.C. § 271(a). Exemplary evidence and an exemplary chart mapping a claim to Alexa Products can be found in Exhibit N.

105.    Amazon has been and is inducing infringement of the '097 patent by actively and knowingly inducing others to make, use, sell, offer for sale, or import Alexa Products that include Alexa and embody or use the inventions claimed in the '097 patent, in violation of 35 U.S.C. § 271(b). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '097 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the

'097 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. The '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on August 10, 2018. As of that date, the '097 patent had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than August 10, 2018. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. On February 23, 2016, the '097 patent issued claiming priority to U.S. Pat. No. 8,145,489. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than February 23, 2016. On information and belief, no later than that date, Amazon has known its actions would induce infringement by users of Alexa Products.

106.    Amazon has been and is continuing to contributorily infringe the '097 patent by selling or offering to sell Alexa Products, knowing them to be especially made or especially adapted for practicing the invention of the '097 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). On information and belief, Amazon writes software for Alexa Products and designs Alexa Products

to operate in an infringing manner. Amazon causes Alexa Products to be made available through its own website. On information and belief, Amazon also profits from third-parties who sell Alexa Products. Amazon instructs users to use Alexa Products in an infringing manner and provides technical support for such use, including on its website and also through the Alexa virtual assistant. Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '097 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. The '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on August 10, 2018. As of that date, the '097 patent had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than August 10, 2018. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during

prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. On February 23, 2016, the '097 patent issued claiming priority to U.S. Pat. No. 8,145,489. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than February 23, 2016. On information and belief, no later than that date, Amazon has known its Alexa Products are especially made or adapted for a use or product that is both patented and infringing and that there is no substantial non-infringing use.

107. On information and belief, Amazon has known of the existence of the '097 patent, and its acts of infringement have been willful and in disregard for the '097 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than the date it received a copy of this complaint. No later than that date, Amazon has known its Alexa Products infringe the '097 patent. Additionally, VoiceBox Technologies informed the Amazon employees who attended the February 2, 2017 meeting at VoiceBox Technologies' office of the '097 patent. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than February 2, 2017. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '097 patent. Additionally, the '176 patent or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,152,973. The '176 patent or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on August 10, 2018. As of that date, the '097 patent had issued claiming priority to the '176 patent. On information and belief, Amazon has known of, or been willfully

blind to, the existence of the '097 patent since no later than August 10, 2018. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '097 patent. Additionally, U.S. Pat. No. 8,145,489 or its published application was cited during prosecution of one or more patents assigned to a subsidiary of Amazon, including U.S. Patent No. 10,049,656. U.S. Pat. No. 8,145,489 or its published application was first cited during prosecution of one or more patents assigned to a subsidiary of Amazon on January 12, 2015. On February 23, 2016, the '097 patent issued claiming priority to U.S. Pat. No. 8,145,489. On information and belief, Amazon has known of, or been willfully blind to, the existence of the '097 patent since no later than February 23, 2016. On information and belief, no later than that date, Amazon has known its Alexa Products infringe the '097 patent.

108.     Amazon's infringement has been, and continues to be knowing, intentional, and willful.

109.     Amazon's acts of infringement of the '097 patent have caused and will continue to cause VoiceBox damages for which VoiceBox is entitled to compensation pursuant to 35 U.S.C. § 284.

110.     This case is exceptional and, therefore, VoiceBox is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, VoiceBox, respectfully requests the Court to enter judgment in favor of VoiceBox and against Amazon as to all claims asserted herein as follows:

a)   Adjudging that Amazon has infringed, actively induced infringement of, and contributorily infringed at least one claim of the VoiceBox Patents in violation of 35 U.S.C. §§ 271(a), (b), and/or (c);

b) Ordering Amazon to account and pay damages adequate to compensate VoiceBox for Amazon's infringement of the VoiceBox Patents, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

c) Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

d) Declaring this case exceptional and awarding VoiceBox its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

e) Awarding VoiceBox interest, including prejudgment and post-judgment interest, on the foregoing sums; and

f) Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38, VoiceBox demands a trial by jury on all issues so triable.

Dated: July 29, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Ian R. Liston*

Ian R. Liston (Delaware Bar I.D. # 5507)
222 Delaware Avenue
Suite 800
Wilmington, DE 19801
iliston@wsgr.com
Telephone: (302) 304-7600
Facsimile: (866) 974-7329

Edward G. Poplawski, *pro hac vice pending*
Erik J. Carlson, *pro hac vice pending*
Ryan S. Benyamin, *pro hac vice pending*
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
epoplawski@wsgr.com
ecarlson@wsgr.com
rbenyamin@wsgr.com
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

James C. Yoon, *pro hac vice pending*
Ryan Smith, *pro hac vice pending*
650 Page Mill Road
Palo Alto, CA 94304-1050
jyoon@wsgr.com
rsmith@wsgr.com
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

*Attorneys for VB Assets, LLC*