# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VB ASSETS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>AMAZON.COM, et al.,<br><br>        Defendants. | Case No.: 19-1410-MN<br><br>**REDACTED VERSION**<br>**FILED MARCH 10, 2023** |

### PLAINTIFF VB ASSETS, LLC'S RESPONSE TO AMAZON'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

Dated: March 3, 2023

OF COUNSEL:

James C. Yoon, admitted *pro hac vice*
Ryan Smith, admitted *pro hac vice*
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
jyoon@wsgr.com
rsmith@wsgr.com

Erik J. Carlson, admitted *pro hac vice*
Jamie Y. Otto, admitted *pro hac vice*
Ryan S. Benyamin, admitted *pro hac vice*
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329
ecarlson@wsgr.com
rbenyamin@wsgr.com
jotto@wsgr.com

WILSON SONSINI GOODRICH & ROSATI, P.C.

Ian R. Liston (Bar No. 5507)
Jennifer A. Ward (Bar No. 6476)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 304-7600
iliston@wsgr.com
jward@wsgr.com

*Attorneys for Plaintiff VB Assets, LLC*

I.  **RESPONSE TO AMAZON'S STATEMENT OF FACTS SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

1. Undisputed.

2. Undisputed.

3. Disputed. Dr. Polish only testified that, based on his review of the '703 patent, "the presumption is that the person of ordinary skill would understand you make the purchase transaction with all the information you have." D.I. 190-1, Ex. 16 (Polish Tr. (Day 2)) at 370:9-21.

4. Undisputed.

5. Disputed. Dr. Polish only testified that he did not provide an opinion that the asserted patents have a solution to disambiguate between billions of possible products to figure out specifically what product a user refers to in his invalidity report. Polish Tr. (Day 2) at 331:6-20.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Disputed to the extent that the MIT Galaxy System is being relied upon as a prior art to the '097 patent, since Amazon has not submitted admissible or sufficient evidence of its prior art status.

12. Disputed. Dr. Polish explains that the claims of the '097 patent describe an enhancement to prior art voice systems by allowing a computer system to understand a pronoun in the context of preceding advertisement without finding that pronoun ambiguous; this means that the system understands when it is providing an advertisement as well as understand the products

-1-

and/or services to which the advertisement relates. D.I. 188-1, Ex. 4 ('097 patent) at 8:9-18; *see id.* at Claims 1, 4, 8, 15, 20, and 23; D.I. 190-1, Ex. 10 (Polish Reb.) at ¶¶ 827-830.

        13.        Undisputed.

        14.        Undisputed.

        15.        Undisputed.

        16.        Disputed. Dr. Polish only testified that the '681 patent does not disclose steps or an algorithm describing the process of selecting the relevant pieces from the accumulated short-term and long-term knowledge to identify context. He did not testify that the '681 patent does not provide "any detail" on selecting the relevant pieces from the accumulated short-term or long-term knowledge to identify context. D.I. 190-1, Ex. 16 (Polish Tr. (Day 2)) at 391:5-19, 379:14-380:4, 382:4-20.

**II.    RESPONSE TO AMAZON'S STATEMENT OF FACTS SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

        1.        Undisputed.

        2.        Undisputed.

        3.        Undisputed.

        4.        Undisputed.

        5.        Undisputed.

        6.        Undisputed.

        7.        Undisputed.

        8.        Undisputed.

        9.        Undisputed.

        10.        Undisputed.

        11.        Disputed. Dr. Johnson's opinions are based on data from a limited time period about the purported percentage of Alexa shopping users and shopping dialogs. D.I. 190-1, Ex. 11 (Polish

Rep.) ¶ 78.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Disputed. In his expert report on infringement, Dr. Polish provided screenshots of *examples* of interactions for '681 patent element 1.a. D.I. 190-1, Ex. 9 (Polish Op.) at 53-54. Dr. Polish also relied on Amazon's confidential development documents, testimony of its corporate representatives, and the source code analysis of Mr. Peck to show that Alexa interprets every received utterance as having ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. ¶¶ 146-149 (citing, *e.g.*, AMZ_VB_00044736 at 34). He relied on the same types of information to show that the remaining claim elements are satisfied. Polish Op. ¶¶ 151-182.

16. Disputed. The '681 patent requires "generating a response to the utterance, wherein the conversational speech engine grammatically or syntactically adapts the response based on the intended meaning established within the identified context" (Claim 1); "generate a response to the utterance, wherein the conversational speech engine grammatically or syntactically adapts the response based on the intended meaning established within the identified context" (Claim 13); "generate a grammatically or syntactically adapted response to the utterance based on the intended meaning established within the identified context" (Claim 25). D.I. 188-1, Ex. 1 ('681 patent).

17. Disputed. Other Alexa components or functionality may also be involved in generating responses to utterances. Polish Op. ¶¶ 111-113, 180-182, 444.

18. Undisputed.

19. Disputed. The claims recite "determin[ing] whether the pronoun refers to one or more of the product or service or a provider of the product or service." '097 patent at Claims 1 and 23.

20. Disputed. Dr. Polish opined that Alexa "determines whether the pronoun refers to one or more of the product or service or a provider of the product or service." Polish Op. ¶¶ 139, 700-715; Polish Rep. ¶¶ 64, 83, 94, 97-101; Ex.[1] T (AMZ_VB_00085657) at 657; D.I. 190-1, Ex. 15 (Polish Tr.) at 186:3-4; 187:11-14; 187:24-25; 155:22-156:11, 156:23-158:21; D.I. 190-1, Ex. 12 (Peck Op.) ¶¶ 98-136; Ex. S (Peck Rep.) ¶ 68.

21. Disputed. Dr. Polish opined that Alexa "determines whether the pronoun refers to one or more of the product or service or a provider of the product or service." Polish Op. ¶¶ 139, 700-715; Polish Rep. ¶¶ 64, 83, 94, 97-101; Ex. T (AMZ_VB_00085657) at -85657; Polish Tr. at 186:3-4; 187:11-14; 187:24-25; 155:22-156:11, 156:23-158:21; Peck Op. ¶¶ 98-136; Peck Rep. ¶ 68.

22. Disputed. Claims 1 and 27 of the '176 patent require "mapping[/map] a stream of phonemes contained in the natural language utterance to one or more syllables that are phonemically represented in an acoustic grammar." D.I. 188-1, Ex. 3 ('176 patent). The Court construed "acoustic grammar" to mean "grammar of phonotactic rules of the English language that maps phonemes to syllables." D.I. 90 at 1-2.

23. Disputed. Dr. Polish opined that Alexa "map[s] a stream of phonemes contained in the natural language utterance to one or more syllables that are phonemically represented in an acoustic grammar." Polish Op. ¶¶ 62-78, 423-431; Polish Rep. ¶¶ 55-56; D.I. 190-1, Polish Tr. at 9:12-10:13, 11:15-12:14; D.I. 190-1, Ex. 17 (Peck Tr.) at 41:18-42:1, 42:16-43:9; 45:9-25, 47:19-48:2; 79:14-80:8.

24. Disputed. Dr. Polish opined that the ▮▮▮▮▮▮▮▮▮▮▮▮ "map[s] a stream of

---

[1] "Ex.", when not used in connection with a D.I. number, shall mean exhibits to the Declaration of Ian R. Liston submitted in support of Plaintiff's Responses to Amazon's Motion for Summary Judgment of Invalidity and Non-Infringement, and Motion to Exclude Unreliable Testimony of Damages Expert Brett Reed.

phonemes contained in the natural language utterance to one or more syllables that are phonemically represented in an acoustic grammar." Polish Op. ¶¶ 423-424, 429-431; Polish Rep. ¶¶ 55-56; Polish Tr. at 9:12-10:13, 11:15-12:14; Peck Tr. at 41:18-42:1, 42:16-43:9; 45:9-25, 47:19-48:2; 79:14-80:8.

25. Disputed. Claim 14 of the '176 patent requires "determining that the conversational language processor incorrectly interpreted the words or phrases in response to an adaptive misrecognition engine detecting a predetermined event, wherein the conversational language processor reinterprets the words or phrases in response to the predetermined event." '176 patent. Claim 40 requires "an adaptive misrecognition engine configured to determine that the conversational language incorrectly interpreted the words or phrases in response to detecting a predetermined event, wherein the conversational language processor reinterprets the words or phrases in response to the predetermined event." '176 patent.

26. Disputed. Dr. Polish opined that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Polish Op. ¶ 461. Dr. Polish also opined that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Polish Op. ¶ 461(citing D.I. 191-1, Ex. 19 (Vanee Tr.) at 109:25-110:16; AMZ_VB_00044736 at 34).

27. Disputed. Claim 15 requires: "receive a user input comprising a natural language utterance"; "determine a context based at least on the one or more words or phrases"; "identify, without further user input after the receipt of the user input, a product or service to be purchased on behalf of a user based at least on the determined context"; among other limitations. D.I. 188-1, Ex. 5 ('703 patent). Claim 25 requires: "receive a user input comprising a natural language

utterance"; "determine, without further user input after the receipt of the user input, a context based at least on the one or more words or phrases"; "identify, without further user input after the receipt of the user input, the product or service to be purchased on behalf of the user based at least on the determined context" among other limitations. '703 patent. Claim 30 requires: "receive a user input comprising a natural language utterance"; "identify, without further user input after the receipt of the user input, a context based at least on the one or more words or phrases"; "determine, without further user input identifying a product or service after the receipt of the user input, a first product or service to be purchased on behalf of a user based at least on the determined context"; among other limitations. '703 patent. Claim 33 requires: "receiving, by the computer system, a user input comprising a natural language utterance"; "determining, by the computer system, a context based at least on the one or more words or phrases"; "identifying, by the computer system, without further user input after the receipt of the user input, a product or service to be purchased on behalf of a user based at least on the determined context"; among other limitations. '703 patent.

28. Disputed. Dr. Polish identifies different utterances for different claims. Polish Op. ¶¶ 259-260, 326-327, 361-362, 383-384. Dr. Polish also opined that Alexa meets the limitations related to determining or identifying context. Polish Op. ¶¶ 265-268, 333-335; 368-369, 390-391.

29. Disputed. Literal infringement "requires that each and every limitation set forth in a claim appear in an accused product. *LifeNet Health v. LifeCell Corp.,* 837 F.3d 1316, 1325 (Fed. Cir. 2016); *SunTiger, Inc. v. Sci. Rsch. Funding Grp.*, 189 F.3d 1327, 1336 (Fed. Cir. 1999) ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device."); *Free Motion Fitness, Inc. v. Cybex Int'l, Inc.,* 423 F.3d 1343, 1353 (Fed. Cir. 2005); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 811 (Fed. Cir. 1999). Dr. Polish opined that Alexa meets the limitations related to identifying a product. Polish Op. ¶¶ 269-274, 336-340, 370-371, 392-393.

-7-

| | |
|---|---|
| Dated: March 3, 2023 | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| OF COUNSEL: | |
| James C. Yoon, admitted *pro hac vice*<br>Ryan Smith, admitted *pro hac vice*<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 493-6811<br>jyoon@wsgr.com<br>rsmith@wsgr.com | */s/ Ian R. Liston*<br>Ian R. Liston (Bar No. 5507)<br>Jennifer A. Ward (Bar No. 6476)<br>222 Delaware Avenue, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 304-7600<br>iliston@wsgr.com<br>jward@wsgr.com<br><br>*Attorneys for Plaintiff VB Assets, LLC* |
| Erik J. Carlson, admitted *pro hac vice*<br>Jamie Y. Otto, admitted *pro hac vice*<br>Ryan S. Benyamin, admitted *pro hac vice*<br>633 West Fifth Street, Suite 1550<br>Los Angeles, CA 90071-2027<br>Telephone: (323) 210-2900<br>Facsimile: (866) 974-7329<br>ecarlson@wsgr.com<br>rbenyamin@wsgr.com<br>jotto@wsgr.com | |