IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VB ASSETS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1410 (MN) |
| | ) | |
| AMAZON.COM, INC., AMAZON.COM | ) | |
| LLC, AMAZON WEB SERVICES, INC., | ) | |
| A2Z DEVELOPMENT CENTER, INC. | ) | |
| d/b/a LAB126, RAWLES LLC, AMZN | ) | |
| MOBILE LLC, AMZN MOBILE 2 LLC, | ) | |
| AMAZON.COM SERVICES, INC. f/k/a | ) | |
| AMAZON FULFILLMENT SERVICES, | ) | |
| INC. and AMAZON DIGITAL SERVICES | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At Wilmington, this 23rd day of May 2023:

WHEREAS, Amazon.com, Inc., Amazon.com LLC, Amazon Web Services, Inc., A2Z Development Center, Inc. d/b/a Lab126, Rawles LLC, Amzn Mobile LLC, Amzn Mobile 2 LLC, Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, Inc. and Amazon Digital Services LLC (collectively, "Defendants") have filed a motion for summary judgment of invalidity (D.I. 184) of U.S. Patent Nos. 9,626,703 ("the '703 Patent"), 9,269,097 ("the '097 Patent") and 8,073,681 ("the '681 Patent") and a motion for summary judgment of non-infringement (D.I. 185) of the '703, '097 and '681 Patents and non-infringement of U.S. Patent Nos. 8,886,536 and 7,818,176;

WHEREAS, across Defendants' two motions, there are at least eight separate grounds on which summary judgment is sought – *i.e.*, Defendants seek a finding of patent ineligibility under 35 U.S.C. § 101 for three of the asserted patents (*see* D.I. 186 at 8-28) as well as a finding of non-

infringement as to all five asserted patents at the summary-judgment stage (*see* D.I. 186 at 28-40);[1]

WHEREAS, an important purpose of summary judgment is to narrow the issues for trial by resolving issues that can be decided in a party's favor as a matter of law because there is no genuine dispute of material fact – *i.e.*, it is not to conduct a *de facto* bench trial of sorts based on shotgun theories and voluminous submissions that burden the parties and waste judicial resources;

WHEREAS, there is sound reasoning in the ranked-choice procedure adopted by Chief Judge Connolly to combat excessive summary judgment motion practice in patent cases (*see* https://www.ded.uscourts.gov/sites/ded/files/FINAL%20STANDING%20ORDER%20FOR%20 SUMMARY%20JUDGMENT%20PRACTICE%20IN%20PATENT%20CASES.pdf); and

WHEREAS, the Court believes that this case is one in which Defendants' excessive summary judgment motion practice has unnecessarily burdened the parties and the Court.

THEREFORE, IT IS HEREBY ORDERED that, on or before May 26, 2023, Defendants shall file a one-page letter with the Court ranking the grounds for summary judgment raised in its motions for summary judgment (D.I. 184 & 185) in whatever order they choose but with the understanding that once the Court denies summary judgment as to any single ground raised in Defendants' motions, the Court will not address any summary judgment grounds that were ranked after that ground.[2]

The Honorable Maryellen Noreika
United States District Judge

---

[1]  It strains credulity to believe that there is not a single genuine issue of material fact in any of the at least eight grounds raised in Defendants' motions.

[2]  For example, if Defendants place non-infringement of the '536 Patent as the first ground on their list and the Court denies summary judgment as to that ground, the Court will deny all of Defendants' motions and not review any summary judgment grounds ranked after non-infringement of the '536 Patent.